UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                       Criminal No. 1:18-cr-00044-GHD-DAS

WILLIE WARREN, a/k/a "BULL"

## MEMORANDUM OPINION

This Court has before it a motion to dismiss the indictment [23] in this matter filed by the Defendant Willie Warren. The indictment alleges that Warren, while in Indian country, assaulted an individual, who was an Indian, with a beer bottle, a dangerous weapon, with the intent to do harm, and that the assault resulted in serious bodily injury to the victim. *See* 18 U.S.C. §§ 113(a)(3) & 13(a)(6); 18 U.S.C. §§ 1151 & 1152.

The government filed a notice [19] in which it stated that it did not believe there was evidence to establish the existence of a dangerous weapon beyond a reasonable doubt. The government also stated that while the victim did suffer injury, it was unclear if the injury met the standard for "serious bodily injury" as defined by statute. Thus, the government stated it intended to prosecute Warren instead for assault by striking, beating, or wounding, 18 U.S.C. § 113(a)(4), which it asserted was a lesser included offense.

Warren contends that assault by striking, beating, or wounding is not a lesser included offense of either assault with a dangerous weapon or assault resulting in serious bodily injury because it has an element (physical contact) not included in either of those crimes.

The government responded by stating that it does intend to prosecute Warren under § 113(a)(6) for assault resulting in serious bodily injury. Because the government intends to prosecute on a charge listed in the indictment, the Court finds that Warren's motion should be denied. A grand jury found there was sufficient evidence to indict Warren under § 113(a)(6). If the

1

government cannot present sufficient evidence at trial to sustain a conviction, the appropriate relief is a judgment of acquittal at the close of the government's case pursuant to Fed. R. Crim. P. 29. If the evidence is deemed adequate, then it is a question for the jury. *See United States v. Bays*, No: 3:13-CV-357-B, 2014 WL 12691742, at *3 (N.D. Tex. Apr. 8, 2014) ("[I]n deciding a motion to dismiss, the Court takes the allegations in the indictment as true and generally does not rule on the sufficiency of the evidence submitted by either side." (citing *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956) ("An indictment returned by a legally constituted and unbiased jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.")). Warren has not identified any reason why the indictment is legally defective. *See* Fed. R. Crim. P. 12(b)(3)(B) (listing grounds on which an indictment may be found defective).

Warren argues that the government should be judicially estopped from asserting that they will prosecute him under § 113(a)(6) after first stating in its notice that it did not believe the victims injuries were "serious" enough. Whether judicial estoppel is applicable in criminal cases is uncertain. In *United States v. Farrar*, 876 F.3d 702, 709–13 (5th Cir. 2017), the Fifth Circuit examined the history of the doctrine in criminal cases among various circuit and state courts, and strongly suggested that in criminal contexts, judicial estoppel would be appropriate. Nonetheless, even it did apply, estoppel would not be warranted here.

Judicial estoppel applies only when "the following elements are present: (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011). "The second prong of our judicial estoppel analysis requires that the party 'must have convinced the court to accept

that previous position.'" *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 554 (5th Cir. 2014) (citing *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003)). "Once a court has accepted and relied upon one of a party's several alternative positions, any argument inconsistent with that position may be subject to judicial estoppel in subsequent proceedings." *Id.* Warren does not show how this Court has accepted and relied on the government's notice that it did not have sufficient evidence of a serious bodily injury. The Court has not yet dismissed the indictment, nor has the Court yet accepted any argument that § 113(a)(4) is a lesser included offense of § 113(a)(6). Judicial estoppel, therefore, does not apply.

Next, Warren argues that the government's response to his motion should be stricken because the government failed to respond within 11 days as required by L.U. Crim R. 47. The Court agrees that the government's filing was untimely. Nonetheless, striking the response would not result in dismissing the indictment. As the Court has stated, Warren has not established why the indictment is legally defective, and he provides no authority suggesting that this Court can dismiss an indictment on a plaintiff's motion as unopposed.

Finally, as to whether § 113(a)(4) is, in fact, a lesser included offense of § 113(a)(6), the Court does not find it necessary to decide that matter at this juncture. If and when such a ruling becomes necessary, the Court will make it at the appropriate time.

The motion is denied. A separate order shall issue.

SO ORDERED, this the 18th day of October, 2018.

/s/ Lee H. Danelson
SENIOR U.S. DISTRICT JUDGE